I'm here on behalf of Judy Brown, who was a 25-year employee of Conagra Foods. This case comes before you as an employment discrimination case that was originally filed in state court by Ms. Brown with respect to her rights under the Fair Employment Practices Act, as well as her wrongful termination under state law being a workers' comp retaliation case. After it was removed by the defendants in this case to federal court, there was an amended complaint filed. The amended complaint dealt mainly with the fact that she now had a federal right to sue, and it had been removed to federal court. So she went ahead and put out her federal claims as well. This case comes before the court on a motion to dismiss on the pleadings that was filed after the defendant, Conagra, had filed an extensive answer with attachments and comes before the court in that fashion. It is our position that the original complaint, as well as the amended complaint, does state sufficient facts to state a cause of action against Conagra Foods. With respect to this case, Ms. Brown indicates that she was a 25-year employee of Conagra, that she was a biracial. I'm sorry to interrupt, but you say your position is the original complaint, as well as the amended complaint, is sufficient. Which one do you think we should be looking at? The amended complaint, obviously. All right, I just wanted to make sure. I thought that was obvious, but I wanted to make sure I wasn't missing something because you referred to both. Go ahead, tell us why you think it's sufficient. The reason that I refer to both is I think that the defendants have made a point of saying that she had another bite at the apple, that she filed an amended complaint. The amended complaint merely changes and adds Federal claims to it. So I apologize for that. Go ahead, tell us why you think it's sufficient. So with respect to the sufficiency of the complaint, Ms. Brown indicates, first of all, that she was a biracial woman that was working for Conagra and that she was adequately performing her job at Conagra. And she goes through and explains that she had experienced discrimination at Conagra in the past. That is background history for the case to show racial animus in her employment. And it's something that can be considered when, ultimately, a fact finder were to decide whether or not there's an inference of discrimination. In addition to that, she had been injured on the job. She had been precluded from performing a broad range of jobs. Now, I know in the complaint itself, I didn't indicate that she was precluded from performing a broad range of jobs. It is alleged in the complaint that she no longer could be a forklift driver. And that's a range of jobs. And that was factually alleged in the complaint. You know, and just about the specific allegations here, is it your argument that the amended complaint encompasses the June 20th charge of discrimination as well and that the facts alleged in there have somehow are before the court to be considered, right? I mean, because there's other allegations in there that don't appear in either the complaint or the amended complaint. And the issue is, are they part of this mix? Have they been either encompassed by the amended complaint, or have they been interjected by the defendant in its answer in such a way that this court may consider the charge? Well, Ms. Brown did not file a separate lawsuit based on the allegations of discrimination she previously had. We are not making that claim. We have never made that claim. The defendants in this case have tried to interject that and say, well, look, she didn't file a lawsuit back then. So now that's just totally, we can't pursue it. We're not pursuing it. It is, however, evidence. Well, that was my question. Is the allegations evidence that we may consider, or has your failure to sue it before somehow made it irrelevant to our considerations? Because here's my question. It's just easy for you to allege those same things in the complaint and just say, those things that we said before, we're saying again. And then the question would be, have they been abandoned? Is there a failure to exhaust? That's a different animal altogether, right? But right now, it's sort of like, OK, we didn't do that. We're not subject to the failure to exhaust, but these allegations are facts that may be considered on the race claim. They're facts that may be considered for determining whether or not there's an inference of race discrimination. And so the question is, how are they before us? Because you never incorporated them. You never said, we incorporate by reference these allegations. You never specifically alleged them. And so ordinarily, in Rule 12, we're only looking at the pleading itself. They've interposed an answer, so we can look at the answer as well. But it's on the pleadings, right? It's on the pleadings. But in their answer in this case, they brought forward that information. And not only that, I believe they also attached a copy of the complaint that she had made back then. It's got all those facts in it. I think if the court's to consider the pleadings, they have to consider the pleadings. They don't just consider my pleadings and whether or not I did such a crappy job in this case that Ms. Brown loses her right to sue. And I submit to you that after having practiced law since 1985, we are moving from notice pleading in this case to something different. And there's been no act by Congress that has occurred. But certainly Twombly and Ichabal bring forward persons have to file facts. We filed facts in this case. This is not a case where I just said, well, she's black. She lost her job. It must be race discrimination, or it must be disability discrimination. I have 38 allegations in my complaint to show you factually what occurred in this case to Ms. Brown after 25 years when there's absolutely no position by the defendant in this case that she did anything wrong in her employment. So what are the facts that you pled that relate to causation, for example? For example, the fact that she worked there 25 years, the fact that she filed a discrimination complaint because she found herself being treated differently than people of different races, white people primarily. The fact that she, I'm sorry. Go ahead. I don't understand how the fact that she filed a complaint would show race discrimination. What she went through back then that caused her to file the complaint. Right. Those facts are before us. But the question was specifically says, how does it show causation, right? Because, and that's the issue then, becomes the discrimination itself. Yes. The general way that these cases are tried is to show that a person is a person of a specific race, that they were treated differently, and that there's not a good explanation for the reason for their treatment. Generally, a person shows what their race is. The defendant comes back and says, well, here's the explanation. This is why we treated her different. It's not because of her race. It's because of something else. We've never even gotten to that point. Treated her different than what? What's the allegation? Than other individuals outside of her protected class. So similarly situated other individuals. Similarly situated other individuals. So what's her allegation here, the best allegation, that she was treated differently than a similarly situated person? First of all, we never got to do any discovery, and so we don't have a whole lot. She had to make allegations in order to get to where she was. And she explained that. Right, but I think we've said that Iqbal and Twombly contemplate that even without discovery, you have to plead enough. But I think that the fact that she worked for this company for 25 years, and that she worked in the position after she was removed from a forklift operator because of her disability. She worked in a packaging operator position for three and a half years, and then they suddenly, after the individual who was of a different race than her, after he dies, he was serving in the forklift capacity. Then they said, well, we're going to re-bid your position, and you have to apply for the job that you've had for three and a half years. That is a circumstance that the court can consider in determining why it was that they would do that after she's been validly performing that job for three and a half years. And with respect to the worker's job. If you look at the complaint itself, the complaint only alleges due to her race. Defendant subjected her to different terms and conditions of her employment and subjected her to adverse wages and fired her. And if you look at the allegations, the general allegations that are set forth in the facts, they're pretty bare bones. And we've looked at some of these things and we've said that seems to be a conclusion of law that's been alleged as opposed to. And so what specifically, and I know you believe that in paragraphs must be four through 21, that there's enough there. So could you just recapture that for me and just set it out? First of all, that she had filled the position for nearly four years and that she applied for the job and she was denied the job, the packaging coordinator job that she'd been serving for four years. And she had more seniority than the individual. Did you allege that a person who was not her race obtained that job? I believe that I did. It's been two and a half years. So forgive me if it's not in there. But the point is, if it's not in there, it's easily remediable. And I think that the ConAgra understood what she was getting at. And finally, with respect to workers' comp retaliation, her workers' comp attorney came to her and said, they don't want you working here anymore. And so that's how her employment ends. That is direct evidence with respect to the workers' comp retaliation. And I would submit it's an inference. Her own lawyer made the comment to her? And you think that's evidence of what the employer was thinking? Her own lawyer translated the comment to her, which he was told by their lawyer. I see that I'm well into my rebuttal time. So I would like to reserve the rest of my time for rebuttal. Thank you. All right. Thank you for your argument. Mr. Rupp, we'll hear from you. Thank you. Thank you, Your Honor. May it please the Court. This case involves the proper dismissal of insufficiently pled employment discrimination claims. And in reaching that proper result, the district court followed well-established authority to conclude, first, that several of plaintiff's claims were untimely, and second, that those that remained did not plead facts sufficient to support several of the essential elements. Plaintiff's primary attack on appeal is to claim that the district court improperly required her to plead all of the facts necessary to establish a prima facie case under the McDonnell Douglas burden shifting framework. But that wasn't the district court's reasoning. Rather, the district court explained that the plaintiff didn't plead any facts on key elements of her discrimination claims, most significantly on the element of causation. And consistent with this court's case law, the only use of the so-called prima facie case was as a framework or a lens through which to view what would need to be proven later in the case, and then determining whether there were sufficient facts pled to state a claim in the first place. And here, the answer is categorically no. I think that plaintiff is arguing that because of the way that your answer laid in, that the charge is before us as evidence of discrimination, and that particularly paragraph 2 of the charge that basically says her supervisor told her and another black operator not to talk to each other about their circumstances while the same things weren't said to white operators, and that that is evidence of disparate treatment. It's sufficient because of the way that you framed your answer that it's before the court as though it were alleged in the complaint. And I assume your position is going to be she's wrong on that, and I want to know why. I think there are a few issues with that, Your Honor. First, it's no longer the operative pleading in the case once it's superseded by the amended complaint. Even if it's considered, and well, second, those come in the June 2020, the allegations that you're referring to. It's old, and I get that it's probably, I mean, standing alone as an independent claim, it may be time barred, and I'm sure that's your argument. But my question is, is it a fact that now is sufficiently before the court that we can consider it in the sense that it's encompassed by the pleadings? And so my question is, as I don't have right in front of me right now this moment, did you attach it to your answer, and does that make it part of the pleadings? I believe it was attached to that original answer, if my recollection of the record is correct. But I don't think that that would necessarily make it part of the operative pleading, which is then the amended complaint once she files it. So once she files that amended complaint, of course she had the opportunity at that point to attach those or to make those same allegations over again, or even to say, ConAgra has already said in a prior answer that, X, Y, Z, right? Those are things that could be added in an amended complaint, and they simply weren't here. So if we disagree, has she met her burden? No, I don't believe so, for a couple of reasons. First, I think, again, it's important that this allegation comes in the June 2020, or at least the allegations that Judge Erickson was referring to come in the June 2020 charge. That's the first charge. And she didn't exhaust or didn't file suit after the right to sue letter was issued in that case. And in the cases cited in our briefing, this Court has described that in that circumstance, even if those allegations are then re-raised or reasserted in a later charge, they can't be brought again, because that's simply an end run around the requirement that you would otherwise have to bring a timely lawsuit after a right to charge letter was issued. So for those reasons, I don't think that they are sufficient. So I want to address just briefly sort of what I viewed as the main thrust of the plaintiff's argument, which is the standard by which the district court evaluated this case. I don't think the district court did anything improper in that. Perhaps when the Supreme Court decided Swiekerwitz and when the Supreme Court decided Iqbal and Twombly, there was some work that the courts had to do to determine how those gelled and how you use the prima facie case in terms of pleading standards. But for at least a decade, since this court decided Hager versus Arkansas Department of Health and then reiterated in Warmington and Bloom Kerr, the prima facie case is used as that lens through which to view. And that's exactly what the district court did here. It simply set out what is going to be required to be proven and are there sufficient allegations. And where this case really falls apart, Judge Colleton, you're correct to point out, is on the causation element. Because if you look at what the actual allegations are in the amended complaint on causation, with respect to race discrimination, it's found in the record at page 102. It's paragraph 24. And all it says is, due to her race, defendant subjected her to different terms and conditions of employment and subjected her to adverse wages and fired her. That's simply a legal conclusion. And, you know. You can refer back to the factual section to see if there's anything that would be plausible. That's right. Absolutely. And if you look back to that factual section, the only thing that is referenced is the fact that she is a long tenured employee of the company. And that she had more seniority than the person who got the position. There's nothing to do with race whatsoever. Nothing to do with disability whatsoever. And I think the court should look to its prior decision in Warmington. Because I think that's very instructive on this case. Warmington was a sex discrimination case brought by the university's women's track and field coach there. There, the plaintiff was able to demonstrate all sorts of disparities between different teams at the university and different treatment at the school. But the plaintiff failed to plead any connection from any of that disparate treatment and her sex. And so the claim failed. And it failed on the pleadings as a matter of law. And that's precisely the case here. Even looking back, Judge Colleton, to those facts that are set forth in there, there's nothing that alleges any type of inference of race discrimination or disability discrimination. And I think what that also does, coupled with this argument that plaintiff brings about Swikerowitz and the overall pleading standard, I think that this really does illustrate just how far down they're trying to define what the pleading standard is. Because now the argument, so as I understand it, is if you're a long-tenured employee with the company and you have more seniority than someone who received a position, you've stated a claim for race or disability discrimination and causation related to that. Well, it seems to me that if you just look at it, we know what the prima facie case is. And it's going to require more than that. And so as you look at it, our concern is, is that there anything in here that's pled that actually pleads causation? Because if you just look at it, here's what she has said. She says, I am disabled. I was given a different job. I did it for years. I'm very good at it. And then when I didn't get the position, finally, that I wanted, and that's enough. Now, where does that fall short of a prima facie case? I think where it falls short is the last step of that analysis, which is I didn't get it because of those things. It's the causation question that we've asked. It's the causation component. Look, we don't contest. We didn't contest below. And I don't contest today. She's a member of a protected class. And she's alleged adverse employment action. In the first two portions of your question, that's what you're defining. It's the causation element where this case breaks down. Because there's no allegations that are sufficient to overcome that pleading burden. There are a couple places where there's a legal conclusion alleged, you claim, in the various causes, because they start off with due to her race, due to her disability status. But there's never anything that's alleged that how it causally is connected. The other person who got the job is not a member of my protected class. Exactly. Exactly. And I think what this Court's cases would say is even somebody getting a different job, that alone, may be not even enough to state a claim. Certainly, at summary judgment, that wouldn't be enough. But at pleading, it would be enough to burden shift, right? Perhaps. Perhaps. Yeah. And that's really the issue here. Because if you listen to what her argument is, she's saying that the burden has already shifted because of our pleading. And your claim is it never shifted because it's never been an allegation of causation or action on our part that was taken as a result of disability status, race or workers compensation status. That's right. And I want to make a point clear on that question, Judge Erickson, because I think you're right. And how they framed this up is that, well, ConAgra's never said that there was a valid reason. Again, we need to remember where we are procedurally. And this is the argument that was brought by plaintiff, right? Was that we're not supposed to be doing the burden shifting analysis yet because we're not at summary judgment. And that's exactly right. We're here on the pleadings. And there aren't sufficient allegations made. There aren't sufficient allegations to get past 12b-6, to get past Iqbal, Twombly, Warmington, all of this Court's precedents in this space. So you don't get further in the case than that. And so we're not under any obligation, certainly at this point, to have established the other parts of the burden shifting framework that would, of course, come into play were this case to reach summary judgment. It simply doesn't get past that pleading stage. So you don't get there. I'll touch briefly. I think the easiest way for this Court to decide the case, the most straightforward way, is causation, because that really runs the gamut through each and every one of plaintiff's claims. So with respect to race discrimination, with respect to the alleged disability discrimination, there's no impetus whatsoever of causation. And when you get to the retaliation claims, that becomes equally, if not more clear. Because first, we have the statutory retaliation claim,  that first charge of discrimination. But there's no facts in the amended complaint, again, to demonstrate any causation between the filing of that complaint and any adverse action. And on appeal, all that's claimed in the briefing is that she filed her first charge in July of 2020, and that she was removed from her position five months later. There's no additional causal facts, certainly not in the complaint, but even in the briefing whatsoever. And as this Court's cases that are on pages 41 and 42 of our briefing illustrate, timing alone is not enough to satisfy that causation requirement. And even if they were relying on timing, time differences of two to three months are sufficient to defeat any inference of causation in any event. Likewise, on the common law retaliation claim, it fails for the same reason. There, the allegation was that she was terminated as a result of filing her workers' compensation claim. Once again, there's no facts that are pled related to causation. And here, the timing consideration is even more significant, because the discharge here took place four years after the filing of that workers' compensation claim. What's the Nebraska law on temporal proximity in a workers' comp situation? I know that we've cited, and I forget the exact time frame. I know that the, um. Well, we have this recent case, or Rison, I'm not sure how you say the name. But the defendant there argued, well, it's been a year since the person filed the claim, and therefore, there's too much time in between. Right. And as I understand it, the state court said, no. That ignores the fact that the claim was still pending at the time. So. And so the question is, if her claim was still pending here, even though it had been, as you say, four years since she filed it. I don't know why it would be still pending, but I guess it was. Yeah. Does Rison say that? I don't think that just the pure fact of having a pending claim gives rise to causal element. Even if it wouldn't take out, sort of as the Federal law seems to do, right? You get two or three months down the line, and it takes it out. If Rison, if the decision in Rison is that that may not be the case, and that currently pending at least gives you something, I think you're still going to have to plead some sort of causation between the existence of that and any, any adverse action whatsoever. And here, there's no allegation. You know, the one thing is, is that Rison's a summary judgment case, right? So it had gotten to summary judgment at that point. It survived pleading. And so, and there, all of a sudden, you've got, well, what's the inference? The inference has got to be reasonable. It has to be one that a reasonable finder of fact could find on the evidence that's been presented. And they said, yeah, there's enough here to create a question of fact, right? We have cases where we say, oh, you know, at 60 to 90 days, the timing alone has attenuated to the point that you have to have a timing plus, right? And my issue at that point becomes, most of those cases are also summary judgment cases. So the issue is, is there an inference that can be drawn from timing just by the nature of just an allegation of timing at the pleading stage that says, well, you at least get a chance to develop the record and see if there is timing plus? Yeah, I'm not aware of a case that's addressed it sort of at, certainly in the four-year time frame that we would be talking about here. And in any event, the only allegation that's made is the allegation that Judge Kobus was talking about, that she happened to learn about this from her employment discrimination attorney. And again, I don't think there can be any inference whatsoever drawn from where she learned of information that would relate it to it occurring in that proceeding. If that allegation was. That may be true, but in a pleading, you can plead hearsay. You can plead. And the idea is that, well, my lawyer said they said. And you say, well, OK, I have a lawyer, former lawyer. I could put on the stand as a witness. I could have my lawyer identify who he was talking to or she was talking to. And we could then bring that person forward. And that's all kind of more of a discovery stage rather than the pleading stage. You're exactly right, Judge Erickson. And if she would have pled that, we may be having a different discussion. But there's nothing pled. And remember, too, I think this is important. What exactly was pleaded on this point about the lawyer? Nothing. There's nothing in the allegation. But why are we talking about it, then? I agree. And that was the point I'm just going to make is that it's in the briefing to this court that she learned about that. And that was the point that I was going to make is that this wasn't even before our district judge, right? So to assign error to the district court judge when that wasn't even before him, much less in the pleading, I don't think is accurate. Mia Coppola, too. Where did the briefs get it? The briefing, let me look at what page. Is it even? They must be citing something somewhere for that. And I'm trying to look through the briefing here to see where that allegation is made. I'm not sure that there's anything cited. I'm sure counsel will correct me if I'm incorrect. Very well, we'll ask counsel for the plaintiff. I believe it's on 45 to 48 of the briefing. It looks like she cites to appendix pages 79 to 85. No, that's not right. Never mind. 45 to 48 of the. And I'm looking for the specific allegation about her learning this from her attorney. I'm not seeing it. Yeah, I don't see it either. OK, well, thank you for your argument, Mr. Rao. Thank you, Your Honor. We'll hear rebuttal. It is paragraph 20 of my complaint that on December 6 of 2021, defendant's workers' compensation attorney told plaintiff's attorney to tell her not to return to work, terminating her employment with the company. It is alleged in my complaint in this case, and it was brought up. To be honest with you, I don't think there was a lot of briefing done with respect to the motion to dismiss based on the wrongful termination in violation of public policy. I think the defendant's brief didn't really address the issue, and that we simply said they're forgetting about this final cause of action. And we did bring that up. And with respect to the temporal. Let's see, so that shows that she was told in December of 21 that she was terminated. That's the allegation. Her workers' compensation attorney told her that. And then, in addition, in their answer, they attach copies of part of the testimony that was offered at the workers' compensation case to try to say, well, you didn't come back to work. And she's like, well, because you told me not to come back to work. And so there's colloquy that they actually had as part of the pleadings in this case. And with respect to, I guess, I don't recall whether or not they filed an additional answer after I filed the amended complaint. But the amended complaint, again, refers to the fact that we were adding the federal claims. And the defendants in this case make a lot of hay about the temporal proximity and how long it had been between her filing of this complaint and her retaliation and such. But that is only one factor to consider. I think you can also consider the pretext that the reason that they give for, after 3 and 1⁄2 years of her being in a temporary position, to all of a sudden say, we're going to eliminate, or we're going to repost the position and make you apply for it. And then she applies for it, the job she'd held for 3 and 1⁄2 years, and then doesn't get the job, I would submit as pretext. It shows that the reason that they're giving for the whole way she's handled is not the true reason. And certainly enough to survive a facial attack on her pleadings in this case. We would just ask that this matter be reversed. Thank you. All right, very well. Thank you to both counsel for your arguments. The case is submitted. The court will file a decision in due course. Counsel are excused.